UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mark Zabludovsky,<br><br>                Plaintiff,<br><br>    -against-<br><br>Equifax Information Services LLC;<br>Experian Information Solutions, Inc.;<br>TransUnion, LLC; and<br>Consumers Cooperative Credit Union;<br><br>                Defendant(s). | Case No.:<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

Plaintiff Mark Zabludovsky (the "Plaintiff"), by and through counsel, and as for this Complaint against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion"), (Equifax, Experian and TransUnion are each a "Bureau" and collectively are the "Bureaus"), and Consumers Cooperative Credit Union ("Consumers Coop" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

1. The Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., also known as the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p et seq.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, the Plaintiff resides here, and the Defendants transact business in this judicial district.

## PARTIES

4. The Plaintiff is a resident of the Commonwealth of Pennsylvania, County of Montgomery.

5. At all times material hereto, the Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State.

8. Equifax may be served with process c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

9. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12. Experian is an Ohio corporation registered to do business in this State.

13. Experian may be served with process c/o CT Corporation System, 600 N 2nd Street, Suite 401, Harrisburg, PA 17101.

14. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

15. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

16. Defendant TransUnion, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

17. TransUnion is a Delaware corporation registered to do business in this State.

18. TransUnion may be served with process c/o Prentice-Hall Corporation System, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.

19. TransUnion is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

20. At all times material hereto, TransUnion disbursed such consumer reports to third parties under a contract for monetary compensation.

21. Credit Union is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

22. Credit Union has an address for service at 1075 Tri State Parkway, Suite 850, Gurnee, IL 60031.

**FACTUAL ALLEGATIONS**

23. The Plaintiff incorporates the above allegations as if the same were set forth at length herein.

24. Sometime prior to the events relevant here, the Plaintiff allegedly incurred a debt to Furnisher for account beginning with 462642… ("Account").

25. In or about November 2022, Furnisher, through its agent debt collector, agreed to accept a settlement in the amount of $6,200.00 from the Plaintiff.

26. The Plaintiff paid the settlement.

27. The debt was thereby extinguished as paid in full in December 2022.

28. Furnisher, by its agent debt collector, sent the Plaintiff a letter confirming that the Account was now satisfied and no additional balance was due.

29. However, instead of keeping its end of the bargain, Furnisher continued to report the Account as delinquent to each Bureau.

30. Furnisher furnished credit formation about the Account to each Bureau that the Account had a remaining balance despite Furnisher's and the Plaintiff's agreement as to settlement.

31. The Account is appearing on the Plaintiff's credit reports with an outstanding balance.

32. Furnisher continued to report the remaining balance to each Bureau.

33. Each Bureau have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

34. The Plaintiff notified each Bureau that he disputed the accuracy of the information it was reporting on or around December 15, 2022 ("Dispute").

35. The Plaintiff's Dispute noted that the tradeline is not correct it should be deleted from his credit report or modified to note the correct balance.

36. The Plaintiff included a copy of Furnisher's settlement confirmation letter showing the Account had a zero balance as it was satisfied.

37. All of this confirmed that the Account was being misreported.

38. Each Bureau was required to notify the Furnisher of the Plaintiff's dispute.

39. It appears and is therefore averred that each Bureau notified Furnisher of the Plaintiff's dispute.

40. Upon receipt of the dispute of the account by the Plaintiff from each Bureau, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

41. Had Furnisher done a reasonable investigation it would have been revealed to Furnisher that the account is inaccurate.

42. A reasonable investigation by each Bureau would have revealed that the Account was being reported inaccurately.

43. This is particularly so because the Plaintiff included proof from Furnisher that Plaintiff was correct and that the Account had been settled.

44. A reasonable investigation by Defendants would have revealed that the account is being incorrectly reported.

45. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the Account, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

46. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute.

47. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide the Plaintiff all relevant information received from Furnisher.

48. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on the Plaintiff's credit report.

49. Furnishers' actions described herein violated 15 U.S.C. 1681s-2 (b).

50. Notwithstanding the Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

51. Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

52. Each Bureau did not follow reasonable procedures to assure maximum possible accuracy of the information on the Plaintiff's credit report.

53. Defendants knew the information was inaccurate.

54. Each Defendant was in possession of the documentation of the inaccuracies of the Account yet persisted in reporting it anyway.

55. Upon information and belief, each Bureau did not even request documentation from Furnisher during its investigations of the Plaintiff's Dispute.

56. Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigations of the Plaintiff's Dispute.

57. Upon information and belief, none of the Defendants contacted the agent debt collector to investigate the Plaintiff's Dispute.

58. On information and belief, on a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

59. The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes the Plaintiff's account information.

60. Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

61. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on the Plaintiff's credit report.

62. Each Bureau knew that the Account information was inaccurate as the Plaintiff provided them with the proof confirming this.

63. Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on the Plaintiff's credit report, the negative account information would not have appeared on the Plaintiff's credit report.

64. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

65. Defendants' erroneous reporting continues to affect the Plaintiff's reputation, creditworthiness, and credit score.

## Damages

66. As a result of Defendants' failure to comply with the FCRA, the Plaintiff has been damaged.

67. Defendants' erroneous reporting continues to affect the Plaintiff's reputation, creditworthiness, and credit score.

68. The Plaintiff suffered damage to his reputation as it falsely appears as if there is a continuing delinquency on the Account.

69. The Plaintiff suffered damage to his reputation as it falsely appears as if there is a remaining balance on the Account.

70. This falsity was published to numerous third-parties.

71. This negative information reflected poorly upon the Plaintiff and is incompatible with the proper exercise of the Plaintiff's lawful business, trade, or profession.

72. The Plaintiff has, *inter alia*, suffered damage by loss of time and money in trying to rectify Defendants' willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see the false credit information.

73. The Plaintiff was attempting to get refinance his home mortgage.

74. Due to Defendants' actions, the Plaintiff was unable to secure the necessary credit for his home.

75. The Plaintiff's mortgage banker informed him that "due to the balance reporting with Consumers Coop" his credit score was negatively impacted making the refinance cost-prohibitive.

76. This caused the Plaintiff to suffer tangible and intangible losses of lack of available credit or increased credit cost for, *inter alia*, funds for a home.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to each Bureau)

77. The Plaintiff incorporates the above allegations as if the same were set forth at length herein.

78. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

79. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

80. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving each of Plaintiff's Disputes and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

81. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

82. Each Bureau have willfully and recklessly failed to comply with the Act.

83. The failure of each Bureau to comply with the Act include but are not necessarily limited to:

   a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c. The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

   d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation with the furnisher of the information, that the information was inaccurate;

   e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

   f. The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

84. As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

85. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment against each Bureau, for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to each Bureau)**

87. The Plaintiff incorporates the allegations in the paragraphs above as if the same were set forth at length herein.

88. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

89. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

90. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving the Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in the Plaintiff's credit file.

91. Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide the Plaintiff all relevant information received from Furnisher.

92. Each Bureau has negligently failed to comply with the Act.

93. The failure of each Bureau to comply with the Act include but are not necessarily limited to:

a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

c. The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation with the furnisher of the information, that the information was inaccurate;

e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

f. The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

94. As described above, and as a result of the conduct, action, and inaction of each Bureau, the Plaintiff suffered damage as described above.

95. The conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

96. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, the Plaintiff, an individual, demands judgment against each Bureau for damages together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Furnisher)**

97. The Plaintiff incorporates the allegations in the paragraphs above as if the same were set forth at length herein.

98. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

99. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

100. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

101. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

102. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

103. Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

104. Furnisher continued to report this account on the Plaintiff's credit report after being notified of his dispute(s) regarding the inaccuracies in relation to said account(s).

105. As described above, and as a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

106. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

107. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, the Plaintiff, an individual, demands judgment against Furnisher for damages, together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Furnisher)

108. The Plaintiff incorporates the allegations in the paragraphs above as if the same were set forth at length herein.

109. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

110. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

111. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

112. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

113. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

114. As described above, Furnisher is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

115. After receiving the notices of the Dispute(s) from each Bureau, Furnisher negligently failed to conduct its reinvestigation in good faith.

116. A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

117. The conduct, action and inaction of Furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

118. As described above, and as a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

119. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, the Plaintiff, an individual, demands judgment against Furnisher for damages, together with attorneys' fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

120. The Plaintiff demands a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 13, 2023                     Respectfully submitted,

/s/ Scott Bernstein
Scott Bernstein, Esq.
P.A. Attorney Id. No. 321763
LAW OFFICES OF SCOTT H. BERNSTEIN LLC
101 Eisenhower Parkway, Suite #300
Roseland, New Jersey 07068
(862) 245-2667
scott@scottbernsteinlaw.com

-and-

/s/ Eliyahu Babad
By:  Eliyahu Babad, Esq.
STEIN SAKS, PLLC
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
EBabad@SteinSaksLegal.com
*Pending Admission Pro Hac Vice*

*Attorneys for Plaintiff*